# 14CV-3619

## IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

---

**JOSEPHNE SMALLS MILLER**

Plaintiff-Appellant

v.

**BRIDGEPORT BOARD OF EDUCATION AND MARK ANASTASI**

Defendant-Appellees

On Appeal from the United States District Court
District of Connecticut
(Hon. Jeffrey A. Meyer, U.S.D.J.)

---

## BRIEF OF PLAINTIFF

---

| | |
|---|---|
| **Counsel for** | **Counsel for** |
| **Plaintiff-Appellant** | **Defendant-Appellee** |
| Josephine S. Miller | Betsey Edwards |
| 152 Deer Hill Avenue | Office of City Attorney |
| Suite 3026 | 999 Broad Street |
| Danbury, CT  06810 | Bridgeport, CT  06604 |
| Tel. (203) 512-2795 | Tel: (203) 576-7647 |

**TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………………..…..2

TABLE OF AUTHORITIES……………………………………………………………….…...3

STATEMENT OF THE ISSUES……………………………………………………..……..4

STATEMENT OF THE FACTS ……………………………………………………………..5

STANDARD OF REVIEW……………………………………………………………………..7

ARGUMENTS………………………………………………………………………………………..7

    A.   The Initial Dismissal of the Complaint was Erroneous and Contrary to Law and the Facts……..7

    B.   The Erroneous Conclusion that the Complaint Did Not Allege a Prima Facie Case of Racial Discrimination was Repeated ……………………………………….9

    C.   Dismissal of the Complaint in its Entirety Was Disproportionate to any Alleged Offensive Pleadings…………………………………………………………………………………..10

CONCLUSION…………………………………………………………………………………………12

# TABLE OF AUTHORITIES

Calloway v. Marvel Entertainment Group, 854 F.2d 1452 (2d Cir. 1988)……………………………………………………………………………..11

Connick v. Thompson, 131 S.Ct. 1350 (2011)………………………………………....8

Cross & Cross Properties, Ltd. v. Everett Allied Co.*,* 886 F.2d 497  (2d Cir. 1989)………………………………………………………………….9

Eastway Constr. Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985))……………………………………………………………………………11

IPCON Collections, LLC v. Costco Wholesale Corp., 698 F.3d 58 (2d  Cir. 2012)…………………………………………………………………….7

Jones v. Town of E. Haven, 691 F.3d 72 (2d Cir. 2012)……………………. 9

Motown Prods. v. Cacomm, Inc., 849 F.2d 781(2d Cir. 1988)……………101

Oliveri v. Thompson, 803 F.2d 1265 (2d Cir. 1986)……………………………11

Pavelic & Leflore v. Marvel Entertainment Group, ___ U.S. ___, 109  S.Ct. 1116 (1989)……………………………………………………………………11

Perez v. Posse Comitatus, 373 F.3d 321 (2d Cir. 2004)……………………. 9

Ruiz v. Cnty. Of Rockland, 609 F.3d 486 (2d Cir. 2010)…………………..8

Storey v. Cello Holdings, L.L.C., 347 F.3d 370(2d Cir.2003)……… 7

Tinney v. City of New Haven (D.Conn. 3-31-2014)……………………………….9

Townsend v. Holman Consulting Corp.*,* *929* F.2d 1358(9th Cir. 1990)……………………………………………………………………………………………9,10

Washington v. New York City BD. OF Estimate, 709 F.2d 792 (2nd Cir. 1983)………………………………………………………………………………….8

Case 14-3619, Document 34, 11/18/2014, 1373135, Page 4 of 16

**STATEMENT OF THE ISSUE**

1. Whether the trial court committed reversible error in dismissing the complaint as a sanction for alleged offensive pleadings?

## STATEMENT OF FACTS

**A.      Procedural History**

The Plaintiff is an African American female and citizen of the United States.  The Defendant is the Bridgeport Board of Education and Mark Anastasi the Bridgeport City Attorney.  Plaintiff filed a complaint of discrimination based upon race in the making and enforcement of contracts by defendants.  The District Court granted Defendant's Motion for Rule 11 Sanctions that included a dismissal of the complaint in its entirety.

**B.      Statement of Facts**

The Plaintiff in this matter is Josephine S. Miller, an African-American female attorney with thirty-four years of legal experience in public and private sector practice with emphasis in the areas of civil rights and employment law.

On or about January 2010 Plaintiff was asked to assume the defense of Andrew Cimmino in then pending employment litigation against him and the Bridgeport Board of Education.  Cimmino made the request of Plaintiff after having been represented in the same matter for some three years by a white male attorney.  Cimmino was permitted to choose his own attorney and pursuant to Connecticut General Statute 7-101a had the expenses of his attorney paid for by the City of Bridgeport.

6

Plaintiff and Cimmino notified the City Attorney of the change in representation and Plaintiff further inquired what, if any, actions were required in order for the reimbursement of legal fees to occur. No response was forthcoming. Plaintiff assumed the representation of Cimmino including the drafting of a motion for summary judgment. The Board of Education and the City Attorney refused to pay Plaintiff's legal fees. Plaintiff brought suit alleging racial discrimination in the making and enforcement of contracts pursuant to 42 U. S. C. § 1981. Defendants removed the matter to federal court.

Apparently not understanding that 42 U. S. C. § 1981 is an available remedy outside the employment context, the trial court issued an order to show cause, prior to any responsive pleading by the Defendants. After Plaintiff established that Section 1981 of the Reconstruction Era racial discrimination statutes could indeed be used in the context of making and enforcing of contracts, the matter was permitted to proceed. Defendants then filed a Motion to Dismiss alleging insufficient pleadings under the Iqbal and Twombley Standards.

The trial court erroneously concluded that there were insufficient pleadings to establish a prima facie case of discrimination. The matter was dismissed without prejudice to

7

refiling. Plaintiff filed an amended complaint that alleged additional facts that further established the prima facie case of discrimination. Defendants again filed a motion to dismiss. Months later, after Plaintiff sought to further amend the complaint to allege new and additional acts of discrimination, retaliation, conspiracy and common law claims, Defendants then filed a Motion for Rule 11 sanctions for alleged false statements in the pleadings.

### I.  STANDARD OF REVIEW

Sanctions may be — but need not be — imposed when court filings are used for an "improper purpose," or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous. FED.R.CIV.P. 11(b)-(c) *see* <u>Storey v. Cello Holdings, L.L.C.</u>, 347 F.3d 370, 391 (2d Cir.2003). Sanctions under Rule 11 are discretionary and not mandatory. <u>IPCON Collections, LLC v. Costco Wholesale Corp</u>., 698 F.3d 58, 63 (2d Cir. 2012).

### II. LEGAL ARGUMENTS

    A.  <u>The Initial Dismissal of the Complaint was Erroneous and Contrary to Law and the Facts</u>

The initial dismissal of the complaint appears to have occurred because the trial judge focused only on the Monell

8

Liability of the Defendant Bridgeport Board of Education. However, even aside from the allegations related to Monell liability, Plaintiff's pleadings presented a prima facie case of racial discrimination against City Attorney Anastasi in his individual capacity. Not even a claim of immunity is available to Anastasi. Liability pursuant to Section 1983 may be premised upon individual liability for race discrimination as well as Monell liability. See generally Washington v. New York City BD. OF Estimate, 709 F.2d 792 (2nd Cir. 1983) (Reversible error and abuse of discretion to refuse amendment to allow naming of two individuals as defendants in 1983 race discrimination claim even where insufficient evidence of policy or practice, i.e. Monell claim). See also Ruiz v. Cnty. Of Rockland, 609 F.3d 486, 493-4 (2d Cir. 2010) (holding that an inference of discrimination may be found where the plaintiff is treated less favorably than a similarly situated employee not in plaintiff's protected class).

Even in the absence of a professed unconstitutional policy, a municipality may be liable for the unconstitutional practices of its subordinates where those practices are "so persistent and widespread" in the workplace "as to practically have the force of law," Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011), "or if a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to

9

such abuses." <u>Jones v. Town of E. Haven</u>, 691 F.3d 72, 81 (2d Cir. 2012).

For purposes of Iqbal and Twombley, plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." <u>Tinney v. City of New Haven</u> (D.Conn. 3-31-2014).

"A complaint challenged under Rule 11(b) is not ordinarily analyzed as an indivisible unit. *See generally* <u>Cross & Cross Properties, Ltd. v. Everett Allied Co*.,*</u> 886 F.2d 497, 504-05 (2d Cir. 1989). Rather, claims are analyzed individually, *see, e.g., id.,* and the fact that a claim is properly asserted against one defendant does not mean that the same claim may properly be asserted against a different defendant, *see generally* <u>Townsend v. Holman Consulting Corp*.,* *929*</u> F.2d 1358, 1361, 1363-64 (9th Cir. 1990) (en banc). <u>Perez v. Posse Comitatus</u>, 373 F.3d 321, 1325 (2d Cir. 2004)

> B. <u>The Erroneous Conclusion that the Complaint Did Not Allege a Prima Facie Case of Racial Discrimination was Repeated</u>

Even if one accepts the court's conclusions regarding the statements made in paragraphs 44 through 46, Plaintiff had pleaded a sufficient claim of racial discrimination. The

10

conclusion that Plaintiff would not otherwise have had a viable cause of action without the inclusion of these three paragraphs allowed the faulty conclusion that the paragraphs were added for an improper purpose. <u>Townsend v. Holman Consulting Corp</u>., 929 F.2d 1358, 1361, 1363-64 (9th Cir. 1990) (en banc).

Defendant admitted at the oral argument on the Rule 11 motion that no attorneys provide services pursuant to C.G.S. §7-101a which is the statute referenced by Plaintiff in the complaint paragraphs found to be "false". If that is indeed correct, then as Judge Meyer initially opined, Plaintiff is correct. [A-353] Defendants did not hire African-American lawyers pursuant to the statute and the claim of a deliberately false statement for an improper purpose is indeed not false but a misunderstanding of the terms and conditions by which the city contracts for legal services. By truncating the process, through this Rule 11 motion for sanctions, Defendants have been able to avoid an answer as well as even discovery regarding their true contracting practices.

    C.   <u>Dismissal of the Complaint in its Entirety Was Disproportionate to any Alleged Offensive Pleadings</u>

This court has said that "…it is important that Rule 11 not have the effect of chilling creative advocacy, even of positions that may arguably be at odds with existing precedent. Courts

11

should therefore resolve all doubts in favor of the signer, see Calloway v. Marvel Entertainment Group, 854 F.2d 1452, 1469-70 (2d Cir. 1988),. Pavelic & Leflore v. Marvel Entertainment Group, ___ U.S. ___, 109 S.Ct. 1116, 103 L.Ed.2d 179 (1989); Motown Prods. v. Cacomm, Inc., 849 F.2d 781, 785 (2d Cir. 1988) (per curiam); Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986), but should impose sanctions when "`it is patently clear that a claim has absolutely no chance of success,'" Calloway, 854 F.2d at 1470 (quoting Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)).

Applying this principle to the instant case, it cannot even be said that Plaintiff's claims are "creative advocacy". Rather, the complaint allegation of individual liability is substantial, presents a prima facie case, and requires answers by Defendants. Answers that have not yet been presented. To dismiss all of Plaintiff's claims as the court did disregards the burden shifting analysis recognized and applied by all federal district and circuit courts and to have this court become the fact-finder, a role that is left to a jury.

## III. **CONCLUSION**

For the foregoing reasons it is respectfully submitted that there was a prima facie case of racial discrimination, aside from the alleged false pleadings and the dismissal of the

complaint was a disproportionate sanction. To conclude that without the allegations of paragraphs 44 and 45 there is little likelihood that the suit would have survived a motion to dismiss either ignores or misunderstands discrimination analysis and the differing types of discrimination liability.

        The Plaintiff-Appellant
By:__ /s/Josephine S. Miller_____
Josephine S. Miller, ct27039
152 Deer Hill Avenue, Suite 302
Danbury, CT 06810
Tel: (203) 512-2795
Email: jmillerlaw@sbcglogal.net

**CERTIFICATE OF COMPLIANCE
WITH F.R.A.P. 32 (a) (7) (B)**

The undersigned hereby certifies that the Brief of Plaintiff-Appellant complies with F.R.A.P. 32 (a) (7) (B), containing 1481 words, including footnotes, as reported by the Microsoft Word software program.

*/s/Josephine S. Miller*
Josephine Smalls Miller

**CERTIFICATE OF SERVICE**
Rev. 12/1/04

Josephine S. Miller

V.

            Appellate No. 14-3619

Bridgeport Board of Education
And Mark Anastasi

            November 17, 2014

  I hereby certify that on November 17, 2014, a copy of foregoing **[Brief for Plaintiff-Appellant, Josephine S. Miller]** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        ___/s/*Josephine S. Miller*_____
        **JOSEPHINE S. MILLER, ESQ.,**
        Federal Bar No. CT27039
        152 Deer Hill Avenue, Suite 302
        Danbury, CT  06810
        Tel: (203) 512-2795

Case 14-3619, Document 34, 11/18/2014, 1373135, Page 16 of 16